**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | | |
|---|---|---|
| SIMCOA OPERATIONS PTY LTD., Plaintiff, | ) | Court. No. 26-04036 |
| v. | ) | Before: Unassigned. |
| UNITED STATES, Defendant. | ) | |

**COMPLAINT**

1. Plaintiff Simcoa Operations Pty Ltd. ("Simcoa" or "Plaintiff") files this Complaint to contest the final affirmative determination by the U.S. International Trade Commission ("the Commission") in its investigations of Silicon Metal from Angola, Australia, Laos, Norway, and Thailand, published in the *Federal Register* on April 9, 2026 (91 Fed. Reg. 18,004) (Angola, Laos, and Thailand) and August 19, 2026 (91 Fed. Reg. 53,632) (Australia and Norway). *Silicon Metal from Angola, Laos, and Thailand*, 91 Fed. Reg. 18,004 (Int'l Trade Commission Apr. 9, 2026); *Silicon Metal From Australia and Norway; Determinations*, 91 Fed. Reg. 53,632 (Int'l Trade Commission Aug. 19, 2026) (together, "*Final Determinations*"). By and through its attorneys, Plaintiff alleges and states as follows:

**JURISDICTION**

2. Plaintiff brings this action pursuant to Sections 516A(a)(2)(A)(i)(II) and 516A(a)(2)(B)(i) of the Tariff Act of 1930, as amended ("the Act"), 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and (a)(2)(B)(i). This Court has jurisdiction over this matter

under 28 U.S.C. § 1581(c), which confers upon the Court exclusive jurisdiction over civil actions commenced under Section 516A of the Act.

## STANDING

3. Plaintiff is a foreign producer of subject merchandise from Australia and a U.S. Importer. Plaintiff also actively participated in the agency investigations that are the subject of this appeal, including by filing an entry of appearance; filing post-conference, pre-hearing, and post-hearing briefs; submitting comments on questionnaires and questionnaire responses; and participating in the Commission's hearing. Accordingly, Plaintiff is an "interested party" within the meaning of Section 771(9)(A) of the Act, as amended, 19 U.S.C. § 1677(9)(A), and has standing to commence this action as a "party to the proceeding" pursuant to Section 516A(d) of the Act, 19 U.S.C. § 1516a(d), and 28 U.S.C. § 2631(c).

## TIMELINESS OF ACTION

4. The Commission published notice of its final affirmative determinations in its investigations of silicon metal from Angola, Laos, and Thailand (leading investigations) on April 9, 2026, and notice of its final affirmative determinations in its investigations of silicon metal Australia and Norway (trailing investigations) on August 19, 2026. *See Final Determinations*.

5. On August 21, 2026, the U.S. Department of Commerce ("Commerce") issued the antidumping and countervailing duty ("AD/CVD") orders on silicon metal from Australia and Norway. *See Silicon Metal From Australia and Norway: Antidumping Duty Orders*, 91 Fed. Reg. 54,306 (Dep't Commerce Aug. 21, 2026); *Silicon Metal From Australia and Norway: Countervailing Duty Orders*, 91 Fed. Reg. 54,305 (Dep't Commerce Aug. 21, 2026).

6. Plaintiff initiated this action by filing a Summons on September 18, 2026, within thirty (30) days of the issuance of the AD/CVD orders based upon the Commission's

determination. Accordingly, this action was timely commenced within the period specified by 19 U.S.C. § 1516a(a)(2)(A)(i)(II). *See also* Rule 3(a)(2) of the Rules of the United States Court of International Trade ("CIT Rules"); 28 U.S.C. § 2636(c).

7. Plaintiff is filing this Complaint within thirty (30) days after filing of the Summons in this action as prescribed by 19 U.S.C. § 1516a(a)(2)(A) and Rule 3(a)(2) of the CIT Rules.[1] Accordingly, this Complaint is timely filed.

## STATEMENT OF FACTS

8. The Commission instituted the AD/CVD investigations on silicon metal from Angola, Australia, Laos, Norway, and Thailand on April 24, 2025, following receipt of petitions filed with the Commission and Commerce by Ferroglobe USA, Inc. ("Ferroglobe") and Mississippi Silicon LLC ("MS Silicon"), domestic producers of silicon metal (or the "Petitioners"). *Silicon Metal From Angola, Australia, Norway, and Thailand; Institution of Antidumping and Countervailing Duty Investigations and Scheduling of Preliminary Phase Investigations*, 90 Fed. Reg. 17,078 (Int'l Trade Commission Apr. 30, 2025).

9. On June 13, 2025, the Commission published notice of its affirmative preliminary determinations. *See Silicon Metal From Angola, Australia, Laos, Norway, and Thailand*, 90 Fed. Reg. 25,076 (Int'l Trade Commission June 13, 2025). The Commission published notice of the scheduling of the final phase of the investigations and a public hearing on November 26, 2025. *See Silicon Metal From Angola, Australia, Laos, Norway, and Thailand; Scheduling of the Final Phase of Countervailing Duty and Antidumping Duty Investigations*, 90 Fed. Reg. 54,365 (Int'l Trade Commission Nov. 26, 2025).

---

[1] Because the end of the 30-day period falls on a Sunday, the period continues to run until the end of the next business day. *See* Rule 6(a)(1)(c) of the CIT Rules.

10. On February 12, 2026, interested parties, including Plaintiff, filed prehearing briefs with the Commission. The Commission conducted its hearing on February 19, 2026. Interested parties, including Plaintiff, filed post-hearing briefs on February 26, 2026. *See Silicon Metal from Angola, Laos, and Thailand*, Inv. Nos. 701-TA-761, 763 and 731-TA-1743, 1745 (Final), USITC Pub. 5720 (Apr. 2026) ("USITC Pub. 5720") at 2-3.

11. In briefing and at the Commission's public hearing, Plaintiff, along with other respondent interested parties (collectively, "Joint Respondents"), presented evidence that the domestic silicon metal industry was not materially injured or threatened with material injury by reason of subject imports.

12. The Commission's investigation schedules became staggered when Commerce postponed the final determinations for its AD/CVD investigations regarding Australia and Norway but not the final AD/CVD determinations regarding Angola, Laos, and Thailand. USITC Pub. 5720 at 4. On March 13, 2026, Joint Respondents filed final comments with the Commission emphasizing the record evidence demonstrating a lack of injury or threat thereof to the domestic silicon metal industry by reason of subject imports. *Id*. at 3. On April 6, 2026, the Commission issued final affirmative determinations in the investigations of silicon metal from Angola and Laos. The Commission terminated the CVD investigation of silicon metal from Thailand because it determined that subject imports from that country were negligible. *Silicon Metal From Angola, Laos, and Thailand*, 91 Fed. Reg. 18,004 (Int'l Trade Commission Apr. 9, 2026); USITC Pub. 5720 at 1.

13. On July 9, 2026, following notification of final affirmative AD/CVD determinations by Commerce regarding silicon metal from Australia and Norway, the Commission published notice of the supplemental scheduling of the final phase of the Commission's AD and

CVD investigations for those countries. *See Silicon Metal From Angola, Laos, and Thailand; Supplemental Schedule for the Final Phase of the Investigations*, 91 Fed. Reg. 42,559 (Int'l Trade Commission July 9, 2026). On July 10, 2026, Joint Respondents filed supplemental final comments with the Commission re-emphasizing the record evidence demonstrating a lack of material injury or threat thereof to the domestic silicon metal industry by reason of subject imports. *See Silicon Metal from Angola, Australia, Laos, Norway, and Thailand: Final Comments on Implications of Commerce's Final Determinations* (Jul. 10, 2026), EDIS 887748.

14. The Commission published its final affirmative determinations regarding silicon metal from Australia and Norway on August 19, 2026, *see Silicon Metal From Australia and Norway; Determinations*, 91 Fed. Reg. 53,632 (Int'l Trade Commission Aug. 19, 2026); *Silicon Metal from Australia and Norway*, USITC Pub. 5774 (Aug. 2026). The Commission determined that the domestic industry producing silicon metal was materially injured by subject imports from Australia and Norway, which were cumulated with subject imports from Laos.

## <u>STATEMENT OF CLAIMS</u>

## <u>COUNT ONE – CAUSATION</u>

15. Paragraphs 1 through 14 are hereby incorporated by reference.

16. The Commission's determination that intra-industry competition between the two Petitioners was not an alternative cause of the domestic industry's alleged material injury during the Period of Investigation ("POI"), including its claimed poor financial performance, was not supported by substantial evidence and was otherwise contrary to law.

17. The Commission gave only passing reference to the record evidence of the fierce competition between the two Petitioners. USITC Pub. 5720 at 57 (spending less than a paragraph of its analysis addressing Joint Respondents' intra-industry competition argument). Instead, as the

Commission found when it made its negative determination in *Silicon Metal from Australia, Brazil, Kazakhstan, and Norway*, Inv. Nos. 701-TA-567-569 and 731-TA-1343-1345 (Final), USITC Pub. 4773 (Apr. 2018), intra-industry competition was a critical condition of competition that impacted domestic producers' performance.

**COUNT TWO – CAUSATION**

18. Paragraphs 1 through 17 are hereby incorporated by reference.

19. The Commission's determination that the domestic industry's affiliated nonsubject imports were not an alternative cause of the domestic industry's alleged material injury during the POI, including claimed poor financial performance, was not supported by substantial evidence and was otherwise contrary to law. *See, e.g., Hynix Semiconductor, Inc. v. United States*, 30 C.I.T. 1208, 1223 (2006) ("An affirmative material injury determination does not rest on substantial evidence when the ITC fails to analyze compelling arguments that purport to demonstrate the comparatively marginal role of subject imports in causing that injury.").

20. The Commission did not adequately consider Joint Respondents' arguments related to the increasing presence of non-subject imports, in particular from Petitioners' affiliates in Canada, Brazil, and the European Union. *See* USITC Pub. 5720 at 68-70. The Commission made only passing reference to the fact that nonsubject imports were the leading source of imports, and that domestic producers were choosing to sell nonsubject imports rather than domestic product. *See id.* at 67-68.

**COUNT THREE – VOLUME EFFECTS**

21. Paragraphs 1 through 20 are hereby incorporated by reference.

22. The Commission's determination that the volume of subject imports is significant, in absolute terms and relative to U.S. consumption and production was not supported by substantial

evidence and otherwise contrary to law. *See id.* at 44-45. In particular, the Commission ignored record evidence demonstrating that the volumes of cumulated subject imports were at record-low levels and did not cause material injury to the domestic industry. The Commission also disregarded record evidence that subject imports' small increases in market share were in market segments that the domestic industry elected not to serve.

**COUNT FOUR – PRICE EFFECTS**

23. Paragraphs 1 through 22 are hereby incorporated by reference.

24. The Commission's findings with respect to alleged adverse price effects by reason of subject imports were arbitrary. The Commission did not address that subject imports are price takers and therefore lack the pricing power to negatively affect the domestic industry. The record evidence shows that subject imports did not lead prices down from their 2022 record highs. Additionally, the Commission did not consider that when the purchase cost data is assessed together with the traditional pricing product data, the record shows overselling/overbidding. *Id.* at 46-54. The Commission also did not calculate the impact of the additional costs of importing, which when quantified in the purchase cost data is further evidence of overbidding. *Id.* at 48. The Commission also did not recognize that prices throughout the POI were at record highs. Finally, the Commission disregarded the lack of record evidence of lost sales or lost revenues. *Id.* at 48, n.222; *see also Silicon Metal from Angola, Australia, Laos, Norway, and Thailand: Pre-Hearing Brief of Elkem, Simcoa, and Shintech* (Feb. 13, 2026), EDIS 872593 ("Joint Respondent Pre-Hearing Brief") at 65-72.

25. For all of these reasons, the Commission's findings of adverse price effects by reason of subject imports thus were not supported by substantial evidence and were otherwise contrary to law.

**<u>COUNT FIVE - CAUSATION</u>**

26. Paragraphs 1 through 25 are hereby incorporated by reference.

27. The Commission's assessment of the lack of a causal link between subject imports and domestic industry performance was arbitrary, including the Commission's failure to consider possible alternative causes of material injury to the domestic industry. In particular, a chorus of U.S. purchasers informed the Commission that subject imports did not take sales from domestic producers. Rather, subject imports were necessary to meet U.S. purchasers' demand, which had been unfulfilled by domestic producers.

28. The Commission also failed to consider that Ferroglobe caused purchasers to need imports when it switched production to ferrosilicon and idled an entire manufacturing facility for reasons unrelated to subject import competition. The Commission states in its report: "Ferroglobe idled its facility in Selma, Alabama, beginning in December 2023, and it remained closed for the rest of the POI. Ferroglobe also shut down two furnaces in West Virginia in 2025." USITC Pub. 5720 at 37 (citations omitted). Notwithstanding, the Commission fails to address the implications of the Selma plant's idling during a record low volume of subject imports and record strong financial performance by Ferroglobe. Nor did the Commission address that Ferroglobe switched capacity from silicon metal to ferrosilicon production in its Beverely, Ohio facility following affirmative findings in an AD/CVD case brought by Ferroglobe on ferrosilicon.

29. In addition, the Commission did not address that Mississippi Silicon was sold out during much of the POI and thus could not have been harmed by subject imports. This is why the domestic industry was unable or unwilling to supply customers during the POI. *See* Joint Respondent Pre-Hearing Brief at 44-47.

30. The Commission also made contradictory findings related to volume and price effects that undermine its conclusion regarding the alleged effects of subject imports. *Compare*

*id*. at 45 (finding that subject imports declined in 2023), *with id*. at 58 (finding that those same declining volumes somehow affected contract pricing in 2023).

31. The Commission's findings in this regard were not supported by substantial evidence and were otherwise contrary to law.

**COUNT SIX - THREAT**

32. Paragraphs 1 through 31 are hereby incorporated by reference.

33. The Commission's determination to cumulate subject imports from Australia and Norway with imports from Angola and Laos for its threat analysis, and in turn finding that cumulated subject imports threatened the domestic industry with material injury, was not supported by substantial evidence and was otherwise contrary to law.

34. The Commission failed to consider record evidence establishing that subject imports from Australia and Norway are distinctive from other import sources. Australian and Norwegian producers supply high-quality silicon metal, and have long been reliable suppliers of steady, modest volumes of subject imports, which the Commission has previously determined are not a threat to the domestic industry. The record was likewise bereft of evidence suggesting an imminent increase in production or capacity in Australia or Norway, or an imminent increase in exports to the United States from these countries.

35. Insofar as the Commission failed to decumulate subject imports from Australia and Norway for its threat analysis, and failed to support with record evidence its findings regarding threat of material injury from these countries, then its determination of threat of material injury by reason of subject imports was unsupported by substantial evidence and otherwise contrary to law.

**REQUEST FOR JUDGMENT AND RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Hold that the portions the Commission's *Final Determinations* described herein are unsupported by substantial evidence and otherwise not in accordance with law;

B. Remand this matter to the Commission for disposition consistent with the opinion and order of the Court; and

C. Grant such further relief as this Court deems just and proper.

* * *

Dated: October 19, 2026

Respectfully submitted,

/s/ Jonathan T. Stoel

Jonathan T. Stoel
Michael G. Jacobson
Nicholas R. Sparks

HOGAN LOVELLS CADWALADER US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
+1 (202) 637-6634
jonathan.stoel@hlc.com

*Counsel to Simcoa Operations Pty Ltd.*